IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEDRO OROZCO, #K-58570, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-2165-NJR |
| ) | |
| KEVIN KINK, ) | |
| CODY PIPER, ) | |
| SLOAN, ) | |
| BAKER, ) | |
| CLARK, ) | |
| CRAWFORD, ) | |
| PATTY THULL, ) | |
| and JOHN R. BALDWIN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is now before the Court for preliminary review of the Second Amended Complaint filed by Plaintiff Pedro Orozco on June 13, 2019. (Doc. 18, pp. 1-63). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Lawrence Correctional Center ("Lawrence") in March and April 2018. *Id*. Plaintiff, who is represented by counsel, seeks money damages, costs, and attorneys' fees. *Id*. at p. 11.

The Second Amended Complaint is subject to screening under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The Second Amended Complaint survives screening under this standard.

**Second Amended Complaint**

According to the Second Amended Complaint, Plaintiff endured inhumane conditions of confinement at Lawrence in March and April 2018. (Doc. 18, pp. 1-63). He was placed in segregation as punishment for a fight that was initiated by an inmate who had been sexually harassing him for weeks. *Id*. Plaintiff describes filthy living conditions in a waste-ridden and insect-infested cell. *Id*. at pp. 2, 6-7. He developed marks, welts, bug bites, and puss-filled bumps on his skin. *Id*. at p. 2. For fifteen days in April 2018, Plaintiff lived in total darkness while bugs crawled on his body and into his food. *Id*.at p. 7. Despite his repeated pleas for help, Defendants refused to address these conditions or move Plaintiff to a nearby vacant cell. *Id*. Instead, they punished him for refusing housing with a known homosexual inmate and called him a "snitch" after he filed a complaint against an officer (Crawford). *Id*. at pp. 5-7.

Plaintiff identifies a single claim in the Second Amended Complaint, which was originally referred to as "Count 3" in the Order Dismissing Complaint (Doc. 7, p. 4):

> **Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement by placing him in a dark and filthy segregation cell in March and/or April 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by this Court. Any claim not identified above but implicated by the allegations in the Second Amended Complaint are considered dismissed without prejudice from this action.

In evaluating an Eighth Amendment claim, the Court conducts an objective and a subjective inquiry. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The objective inquiry requires the Court to consider whether the alleged deprivation is "sufficiently serious." *Id*. The subjective inquiry focuses on whether the defendants acted with deliberate indifference. *Id*. at 837. The conditions Plaintiff describes are objectively, sufficiently serious. *Knight v. Wiseman,* 590 F.3d

458, 463 (7th Cir. 2009) (shelter, bedding, cleaning supplies, and hygiene items are among life's necessities). The response of Defendants—who ignored, punished, and/or harassed Plaintiff for seeking a remedy for the conditions—supports a claim of deliberate indifference against them. Accordingly, the Eighth Amendment claim survives preliminary review against all individuals named as defendants. Plaintiff did not replead the First Amendment retaliation claim or Fourteenth Amendment due process claim, initially designated as Counts 1 and 2 in the Order Dismissing Complaint. (*See* Doc. 7, pp. 3-4). Both claims are considered dismissed without prejudice.

## Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 18) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against all of the defendants. The First Amendment retaliation claim and Fourteenth Amendment due process claim, designated as Counts 1 and 2 respectively in the Order Dismissing Complaint, remain dismissed without prejudice.

**IT IS ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **KINK, PIPER, SLOAN, BAKER, CLARK, THULL, BALDWIN,** and **CRAWFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 18), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the

3

employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that he was granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: July 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**