UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEDRO OROZCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:18-CV-2165-GCS |
| | ) |
| KEVIN KINK, | ) |
| CODY PIPER, | ) |
| JAMES SLOAN, | ) |
| MICHAEL CLARK | ) |
| JOHN BAKER, | ) |
| JOSHUA CRAWFORD, | ) |
| PATTY SNEED, | ) |
| AND JOHN BALDWIN, | ) |
| | ) |
| Defendants.[1] | ) |

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION

Before the Court is a motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants Kevin Kink, Joshua Crawford and John Baldwin (Doc. 31).[2] Defendants contend that Plaintiff Pedro Orozco did not exhaust his administrative remedies against them because the grievances Orozco filed regarding the

---

[1] The Court **DIRECTS** the Clerk of the Court to change the docket to reflect defendants' correct names as contained in their answer (Doc. 29). The record also reflects that Patty Sneed is married and her maiden name is Patty Thull (Doc. 48).

[2] Defendants Sloan, Piper, Clark and Baker concede that Plaintiff exhausted his administrative remedies as to them (Doc. 31, p. 2; 32, p. 4). The motion is silent regarding exhaustion as to Thull/Sneed.

claims in this case do not name the Defendants. Orozco opposes the motion (Doc. 42, 43).[3] Based on the following reasons, the undersigned **DENIES** the motion for summary judgment on the issue of exhaustion of administrative remedies.

Pursuant to 42 U.S.C. § 1983, Orozco, by and through Court appointed counsel, filed a second amended complaint for deprivations of his constitutional rights that occurred at Lawrence Correctional Center ("Lawrence") (Doc. 18). After the Court conducted the preliminary review pursuant to 28 U.S.C. § 1915A, Orozco was allowed to proceed on an Eighth Amendment excessive force claim against Defendants for subjecting him to unconstitutional conditions of confinement by placing him a dark and filthy segregation cell in March and/or April 2018 (Doc. 19).

## FACTS

Orozco is an inmate in within the Illinois Department of Corrections ("IDOC") and currently housed at Lawrence. At the time of the allegations in the Second Amended Complaint, Orozco was also housed at Lawrence. On December 12, 2018, Orozco filed his action pursuant to 42 U.S.C. § 1983 (Doc. 1).

On April 20, 2018, Orozco filed grievance # 04-18-138 alleging a PREA investigation regarding sexual harassment against an inmate and officer (Doc. 32-1, p. 13, 41-44).[4] On June 22, 2018, Patty Thull, with the Administrative Review Board ("ARB"),

---

[3]     On January 24, 2019, the Court assigned attorney David G. Sigale to represent Orozco (Doc. 7).

[4]     This grievance is dated April 19, 2018 at the top; but signed and dated by Orozco on April 20, 2018.

found Orozco's grievance moot stating: "[y]our allegation is currently being investigated. You will be notified by the facility of the outcome of the investigation." Baldwin concurred with Thull on June 12, 2018. *Id*. at p. 13.

On April 20, 2018, Orozco also filed grievance # 4-18-139 regarding health and safe living conditions with respect to his cell.[5] In this grievance, Orozco complains about the light being out in his cell, the unsanitary conditions of his cell and that officers refused to move him from the cell. This grievance names Defendants Sloan, Piper, Clark and Baker. It also states that he thought that he was being punished because he previously "made a sexual harassment claim on C/O Crawford." On July 2, 2018, Thull denied the grievance finding it was appropriately addressed specifically stating: "[w]ork order issued. Maintenance is aware of issue and are awaiting replacement bulbs." Baldwin concurred on July 5, 2018. (Doc. 32-1, p. 11, 45-48).

On May 11, 2018, Orozco filed another grievance regarding unhealthy and inhumane living conditions, stating that he filed grievances about these conditions on April 4 and April 19, 2018 and that nothing was done. This grievance does not name anyone. On June 11, 2018, Thull returned the grievance and informed Orozco to provide the "original Offender's Grievance, DOC 0046, including the counselor's response, if applicable. Provide a copy of the Response to Offender's Grievance, DOC 0047, including

---

[5] This grievance is dated April 19, 2018 at the top, but signed and dated by Orozco on April 20, 2018.

the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely."

(Doc. 32-1, p. 108-110).

**LEGAL STANDARDS**

Summary Judgment is proper if the pleadings, discovery materials, disclosures and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* (emphasis added). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.*

Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to use a prison's

grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-741 (7th Cir. 2008). Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following sequence and procedures to be followed:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining
> that the prisoner had exhausted his administrative remedies.

*Id.* at 742.

As an IDOC inmate, Orozco was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to the grievance officer. *See* 20 ILL. ADMIN. CODE §504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.830(e). "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing. *Id.*

If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the ARB. The grievance procedures

specifically state, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision." 20 ILL. ADMIN. CODE § 504.850(a). The inmate shall attach copies of the Grievance Officer's report and the Chief Administrative Officer's decision to his appeal. *Id.* "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 ILL. ADMIN. CODE § 504.850(e).

The grievance procedures further allow some grievances to be submitted directly to the ARB for consideration. *See* 20 ILL. ADMIN. CODE § 504.870(a). Those grievances include:

1) Decisions regarding protective custody placement, including continued placement in or release from protective custody.

2) Decisions regarding the involuntary administration of psychotropic medication.

3) Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.

4) Other issues that pertain to a facility other than the facility where the offender is currently assigned, excluding personal property and medical issues.

20 ILL. ADMIN. CODE § 504.870(a)(1-4).

## ANALYSIS

Defendants Kink, Crawford and Baldwin argue that Orozco failed to exhaust his administrative remedies as to them as required under the PLRA. Specifically, Defendants assert that Orozco failed to file any relevant grievances naming them concerning the allegations contained in the Second Amended complaint. Orozco counters that Defendants failed to meet their burden of proof regarding exhaustion. The Court agrees with Orozco.

Exhaustion of administrative remedies is an affirmative defense in an action against prison officials, and the burden of proof is on the officials. Here, the undersigned finds that Defendants have not met their burden and that Orozco did exhaust his claim as to Defendants Kink, Baldwin and Crawford. The grievance procedures require that an inmate name the individuals involved in the complaint, or, if their names or not known, an inmate, must at the very least, "include as much descriptive information about the individual as possible." 20 Ill. Admin Code § 504.810(a)(b). *See also Ambrose v. Godinez*, No. 11-3068, 510 Fed. Appx. 470, 472 (7th Cir. Feb. 22, 2013). *But see Jackson v. Shepherd*, No. 13-2651, 552 Fed. Appx. 591, 593 fn. 1 (7th Cir. Feb. 6, 2014).

The Seventh Circuit has held that an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). This

comports with the purpose of the PLRA exhaustion requirement, which was designed to afford correctional officials a chance to address inmate complaints internally, prior to resorting to federal litigation. *See, e.g., Kaba*, 458 F.3d at 684 (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). Indeed the Seventh Circuit has consistently reminded district courts that "all the PLRA requires" is that a grievance "alert the prison to the nature of the wrong for which redress is sought[.]" *Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005)(citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). An inmate is not required to provide personal notice of suit to an individual defendant through his grievance. *See Maddox*, 655 F.3d at 722 (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)); *Johnson v. Johnson*, 285 F.3d 503, 522 (7th Cir. 2004).

Here, the undersigned finds that Orozco provided enough information in the April 20, 2018 grievance (# 04-18-139) to put the prison on notice of the nature of his claims and to fully exhaust his administrative remedies against Kink, Baldwin and Crawford. Both Kink and Baldwin were part of the grievance process and participated in denying the grievance. As such, they may be liable for deliberate indifference as Orozco's request fell on "deaf ears." *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015). Additionally, the record reveals that Orozco filed a subsequent grievance on May 11, 2018 regarding the same conduct contained in grievance 04-18-139. Thull returned this grievance for being incomplete. *See* Doc. 32-1, p. 108-110. Thus, the undersigned finds that Orozco exhausted his administrative remedies as to Kink and Baldwin.

As to Defendant Crawford, a review of grievance 04-18-139 reveals that Orozco did generally name Crawford by stating: "I feel like I was punished in that such inhumane way on 3-30-18 and on 4-12-18 I called P-R-E-A and made a sexual harassment claim on C/O Crawford …" (Doc. 32-1, p. 46). Thus, there is enough information to put Crawford and the prison on notice of the nature of the claims Orozco was grieving about.

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion for summary judgment on the issue of exhaustion (Doc. 31).

**IT IS SO ORDERDED.**

**Date: February 25, 2020.**

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.02.25 15:16:18 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**